## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

**DAVID MACKLIN,**

    **Plaintiff,**                                     Case No.  9:21-cv-81433

v.

**CREDIT CONTROL, LLC,**

    **Defendant.**

_____/

## COMPLAINT

**NOW COMES** David Macklin ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of Credit Control, LLC, ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Florida and a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Florida.

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Southern District of Florida.

6. Defendant is debt collector within the meaning of 15 U.S.C. § 1692a(6), in that it uses postal mail, an instrumentality of interstate commerce for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. Defendant's principal place of business located at 5757 Phantom Drive Hazelwood, Missouri 63042.

## FACTS SUPPORTING CAUSES OF ACTION

8. Prior to this action giving rise, Plaintiff incurred a debt with American Honda Finance Corporation for $2,788.90 ("subject debt").

9. Due to financial hardship, Plaintiff was unable to sustain timely payments and defaulted on the subject debt.

10. Sometime thereafter, Defendant acquired the right to collect on the subject debt after Plaintiff's default.

11. On July 19, 2021, after acquiring the subject debt, Defendant contacted Plaintiff about the subject debt via written correspondence.

12. However, rather than preparing and mailing a collection letter on its own, Defendant sent information regarding Plaintiff and the subject debt to a commercial mail house in or around Oaks, Pennsylvania ("mail house").

13. Defendant disclosed to mail house:

   **a.** Plaintiff's status as a debtor;

   **b.** The subject debt amount;

   **c.** The Plaintiff's address; and

   **d.** other highly personal and confidential pieces of information.

14. The mail house then populated some or all of this information into a pre-written template, printed, and mailed the letter from Pennsylvania to Plaintiff's residence in Florida.

### DAMAGES

15. The FDCPA defines "communication" at 15 U.S.C. §1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

16. The sending of an electronic file containing information about Plaintiff's subject debt to a mail house is therefore a communication.

17. Defendant's communication to the mail house was in connection with the collection of the subject debt since it involved disclosure of the subject debt to a third-party with the objective being communication with and motivation of the consumer to pay the subject debt.

18. Plaintiff never consented to having his personal and confidential information, concerning the subject debt or otherwise be shared with anyone else.

19. In limiting disclosure to third parties, the FDCPA states, at 15 U.S.C. §1692c(b):

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a

consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (Emphasis added).

20. The mail house used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

21. Due to Defendant's communication to this mail house, information about Plaintiff, included names, addresses, and the amount that was due were all within the possession of an unauthorized third-party.

22. If a debt collector "conveys information regarding the debt to a third party informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

23. Defendant unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

24. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive information to an unauthorized third-party has on consumers.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent medical accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

29. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

31. Defendant violated 15 U.S.C. §§1692c(b) and f through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692c

32. Defendant violated §1692c(b) when it disclosed private information about Plaintiff's subject debt to the employees and agents of an unauthorized third-party mail house in connection with the collection of the subject debt.

### b. Violations of FDCPA § 1692f

33. Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of the subject debt by knowingly disclosing personal and confidential information about Plaintiff, to unauthorized third-party not expressly authorized under the FDCPA.

34. Defendant's conduct renders it liable for the above-stated violations of the FDCPA, and Plaintiff is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

35. Defendant intentionally made these communications in order to gain an advantage over other debt collectors and generate additional profits.

**WHEREFORE**, Plaintiff DAVID MACKLIN respectfully requests that this Honorable Court:

    a. Statutory damages of $1,000.00, pursuant to §1692k(a)(2)(A) ;
    b. Enjoin Defendant from further communicating with Plaintiff;
    c. Actual damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);
    d. Reasonable costs & attorneys' fees under to U.S.C. §1692k(a)(3); and

  e.  Such other relief that this Court deems just and proper.

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

36. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

37. At all times relevant to this action, Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

38. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. § 559.51(1).

39. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

40. Defendant violated sections 559.72(5) of the FCCPA through its unlawful conduct.

 **a. Violations of FCCPA § 559.72(5)**

41. A person violates section 559.72(5) of the FCCPA when it disclosed private information about Plaintiff's subject debt to the employees and agents of an

8

unauthorized third-party mail house in connection with the collection of the subject debt, affecting debtor's reputation and invading Plaintiff's privacy.

42. Moreover, Defendant knew the unauthorized third-party mail house did not have a legitimate business need for Plaintiff's private information regarding the subject debt.

43. Defendant unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

44. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive information to an unauthorized third-party has on consumers.

**WHEREFORE**, Plaintiff DAVID MACKLIN requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

f. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: August 18, 2021

Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*